# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>    Plaintiff,<br>v.<br>Marnie Ann Burt,<br>    Defendant. | No. CR 04-110-TUC-CKJ (JM)<br><br>**REPORT AND RECOMMENDATION** |

This matter was referred to the Magistrate Judge to conduct an evidentiary hearing on the Government's Petition to Revoke Supervised Release filed on November 7, 2008. The one count Petition asserts that Defendant failed to show for random urinalysis testing on September 5, 8, 17, 26 and 30 and October 6, 14 and 24, 2008. An evidentiary hearing was conducted on February 5, 2009. Two witnesses were presented by the Government, United States Probation Officer Pamela Patterson and Treatment Assessment Screening Center ("TASC")[1] Site Administrator, Geary Baker. Defendant Burt was present and represented by counsel. She testified in her own defense.

## Officer Patterson

According to Officer Patterson, Defendant was placed in a halfway house pursuant to a condition of her supervised release. Following her release from the halfway house, Defendant was ordered to report for substance abuse testing as well as treatment if recommended. On August 7, 2008, just before the Defendant was released from the halfway

---

[1] TASC is the contract agency that conduct the random drug testing.

house, Officer Patterson directed her to report to TASC and sign up for drug testing. Then, on August 27, 2008, during a home visit, Officer Patterson again advised the Defendant that she needed to report to TASC and sign up for drug testing.

After the Defendant missed her first scheduled drug test on September 5, 2008, Officer Patterson brought it to her attention. Defendant Burt claimed that she was confused as to the day she was supposed to drop; Defendant believed she had a "purple" color coded drop day when in fact she had a "yellow." In response, and in Defendant's presence, Officer Patterson called TASC and verified Defendant's drop days. Defendant Burt continued to miss her scheduled drops and on November 7, 2008, Officer Patterson filed the present Petition.

**Mr. Baker**

Mr. Baker is the Site Administrator at TASC who has access to all the records. According to Mr. Baker, when a person first come in to TASC, she is assigned a color under a random color system generated by the Phoenix corporate office. Each of the possible colors signifies a frequency of testing. Each person is asked if they would like a reminder card with their color written on it. Each is also oriented, or in Defendant's case re-oriented, as to how the color system and call line works. Each is instructed to call the color line Monday through Friday and when their color comes up, to report on that date for testing.

TASC keeps a daily customer contact and sign-in list. Federal probationers are always given receipts when they show up for testing. "No show reports" are generated when the probationer fails to show and that report is sent to the assigned probation officer.

Based on TASC's records, Defendant went in on September 3, 2008, and was assigned the color "yellow," which meant that she would be tested once a week. She declined a reminder card. Although she had been working with TASC for sometime, Defendant was still given the orientation.

According to TASC 's log books, Defendant's color came up for testing on September 5, 8, 17, 26 and 30 and October 6, 14 and 24, 2008. Receipts were not given to the

1  Defendant on any of those dates. This meant that she did not show up to test on any of those
2  days. (See Government's Exhibit1.)

### **Defendant Burt**

4  According to the Defendant, she went to TASC not on September 3 as testified to by
5  Mr. Baker, but on September 17. She does recall getting a reminder card (which she believes
6  she "has somewhere") but it said "purple," not "yellow." She called the drop line everyday,
7  but "her color never came up." She did not learn that her color was "yellow" until October
8  6, at which time she went to TASC and dropped. She insisted that she dropped on many of
9  the other days as well. When questioned about he receipts, Defendant testified that she
10 thought she had faxed them to her attorney but had them at home if the court wanted to see
11 them. She was given until 5:00 p.m. February 5, 2009 (the day of the hearing) to produce
12 them to her attorney. The receipts never materialized.

### **Recommendation**

14 Having considered the pleadings, testimony, and the arguments of counsel, the
15 Magistrate Judge finds by a preponderance of the evidence that the Defendant violated her
16 conditions of supervised release. *United States v. Musa*, 220 F.3d 1096, 1100 (9th Cir.), *cert.*
17 *denied*, 531 U.S. 999 (2000); 18 U.S.C. § 3583(e)(3). The Magistrate Judge recommends
18 that the District Court, after an independent review of the record, **grant** the Government's
19 Petition to Revoke Supervised Release and set the matter for disposition hearing.

20 Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within
21 10 days after being served with a copy of this Report and Recommendation. If objections
22 are not timely filed they may be deemed waived. The parties are advised that any objections
23 filed are to be identified with the following case number: CR 04-110-TUC-CKJ.

24 DATED this 13th day of February, 2009.

*Jacqueline Marshall*
Jacqueline Marshall
United States Magistrate Judge

3